24 C.C.P.A.(Patents)

### In re LANSING et al.
### Patent Appeals No. 3764.

Court of Customs and Patent Appeals.
March 22, 1937.

McConkey & Smith, of Washington, D. C. (Martin J. Finnegan and N. D. Parker, Jr., both of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting, in view of the cited prior art, claims 20, 24, 26, 27, and 31 of appellants' application. No claims were allowed.

Claims 20 and 26 are illustrative of all of the involved claims and read as follows:

"20. In an accelerator for starters of the character employing an inertia member adapted to be rotated to high speed for storage therein of energy to be subsequently transferred to a member of an engine to be started, a method of accelerating said inertia member to a speed far in excess of the starting speed of said engine member consisting of connecting a portable driving shaft therewith, and energizing said driving shaft by application thereof of power taken from a source external of said engine and inertia member.

"26. In engine starting apparatus, a flywheel adapted for high speed rotation, a clutch member adapted to engage a member of an engine to be started, a gear train drivably connecting said flywheel and clutch member, means for energizing said flywheel including a power driven manually transportable accelerator, and means for drivably connecting said accelerator with said gear train."

A large number of references were cited; some of them were relied upon for the rejection of claims not involved in this appeal. The references relied upon by the Board of Appeals with respect to the claims before us are as follows: Foster, 1,417,508, May 30, 1922; Knipfer, 1,504,766, August 12, 1924; Chilton, 1,561,506, November 17, 1925; Chilton, 1,660,953, February 28, 1928; Fentress, 1,352,803, September 14, 1920; Moretti, 1,702,742, February 19, 1929; Levedahl, 1,684,633, September 18, 1928; Levedahl, 1,757,125, May 6, 1930.

The claimed invention embraced in the involved claims relates to aircraft engine starting mechanism. Appellants' application states:

"For starting internal combustion engines, and particularly air-ship engines, inertia starters are used. In these, an inertia mass such as a flywheel is set in very rapid rotation, say of the order of 20,000 R. P. M., and then is connected with a member of the engine to be started, properly to apply the kinetic energy of the flywheel to cranking the engine. Speed-changing gearing of high order of reduction is interposed between the flywheel and that driving member of the starter which is to be engaged with the engine to crank it and commonly the starter is hand-operable, either as the sole manner of accelerating the flywheel or supplementally to the provision of an electric starting motor, the hand-cranking shaft being usually operatively connected with a low speed member of the reduction gearing.

"A primary purpose of the present invention is to provide desirable and effective means for accelerating inertia starters by power taken from an outside source of electrical supply, thus to avoid necessity for hand-cranking, or the use of the air-ship's storage battery for starting purposes where the starter is of the motor-powered type.

"Further objects of the invention are to provide a motor-unit of the accelerator equipment in the convenient form of a hand-tool which will be of simple, effective and durable construction, and to combine with such motor-unit such electrical control-equipment as will both safeguard the motor and insure its effective operation to deliver proper initial torque to, and effect sustained acceleration of, the starter for promptly, safely and efficiently bringing its flywheel speed up to the desired maximum."

The patents to Chilton disclose inertia starters in which a flyweel is connected by suitable gearing to a shaft which carries a driving clutch. Power by means of a hand crank is applied to rotate the shaft which, through gearing, rotates the flywheel to high speed, after which the clutch is moved manually into engagement with a member of the engine to be started.

The patent to Foster states:

"This invention relates to improvements in starting devices for internal combustion engines, and more particularly to a device for starting, or cranking the engines of aeroplanes or the like; the principal object of the invention being to provide a portable, electrically driven device of this character, comprising a cranking shaft, having telescoping sections that may be extended and removably attached to the propeller of an aeroplane, and may be driven to effect starting of the aeroplane engine, and which will automatically detach

itself from the propeller after the engine has been started."

The drawings show the device as mounted upon a truck.

The patent to Knipfer discloses a somewhat similar cranking device for aeroplanes, also mounted upon a truck.

The patent to Fentress relates to an inertia starting device. A flywheel is rotated manually and when, in the judgment of the operator, a sufficient speed has been obtained, connection is made to the crank shaft through additional gearing.

The patents to Moretti and Levedahl show small portable motors with reduction gearing, used in connection with tools whose shafts are provided with suitable fittings to perform the work for which the tools are designed.

The Board of Appeals in its decision concisely states the only issue before us as follows:

"The claims on appeal present the broad question of whether the substitution of a portable motor for the manual expedient contemplated by the prior art amounts to invention, especially in view of the use of a portable motor in the art for starting purposes."

The Board held that claim 20 was so broad as to read directly upon the Chilton patents, as it does not exclude power applied through a crank operated by hand, and that, even if the phrase "power taken from a source external of said engine and inertia member" contained in the claim be construed to mean mechanical power, the claim is unpatentable over Chilton in view of Knipfer and Foster. With respect to the remaining claims before us, the Board held that while they are more specific with respect to the source of power rotating the flywheel, they are unpatentable over the references Chilton, Knipfer, Foster, Moretti, and Levedahl.

In other words, the Board held that, in view of the references, there was no invention in substituting a portable motor to supply mechanical power to rotate the flywheel instead of hand-power applied through a crank as disclosed by Chilton. We think the Board came to the right conclusion.

While it is true that the portable motors disclosed by Foster and Knipfer were no doubt large and heavy and mounted upon trucks, because the power was applied directly to the crankshaft of the engine,

nevertheless we are of the opinion that it would be obvious to one skilled in the art, with the last-named patents before him, that smaller motors could be used to transmit power to the flywheel disclosed by Chilton, in lieu of hand-power applied through a crank.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.